UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMOND BOTTOMS,

    Plaintiff,

v.                                   CASE NO.:   3-16-CV-328-CRS

NAVIENT SOLUTIONS, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, DEMOND BOTTOMS, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

    1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

    3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

1

rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

   4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

   5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

   6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Jefferson County, Kentucky), the violations described in this Complaint occurred in this District and the Defendant transacts business within Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, NAVIENT SOLUTIONS, INC., is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Kentucky through its registered agent, Corporation Service Company located at 421 West Main Street, Frankfort, Kentucky 40601.

11. Defendant called Plaintiff approximately 300 times since August of 2014 in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an

autodialer because of the vast number of calls he received and because he received prerecorded messages from Defendant NAVIENT SOLUTIONS, INC.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (502) xxx-9690 and was the called party and recipient of Defendant's calls.

14. Beginning on or about January 2014, Defendant began bombarding Plaintiff's cellular telephone (502) xxx-9690 ("Plaintiff's cellular telephone") in an attempt to collect on a student loan.

15. In approximately August of 2014, Plaintiff told Defendant to stop calling because Plaintiff could not afford the payments after his daughter was born. Plaintiff told the Defendant, "Stop calling or I will file a lawsuit," or words to that effect. However, despite Plaintiff's request, the calls continued.

16. In January of 2016, Plaintiff again told the Defendant to stop calling. Plaintiff stated to Defendant, "I asked you two years ago to stop calling me and I am asking you again to stop," or words to that effect. Defendant responded that it would not stop calling. The calls continue to this day.

17. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

19. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

20. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

24. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness (threatened with garnishment), distress and aggravation.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff fully incorporates and re-alleges paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

30. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/ S. Leeann Thornhill*

S. Leeann Thornhill, Esquire
Wasson & Thornhill, PLLC
3000 Breckenridge Lane
Louisville, KY 40220
Telephone: 502-964-7878
leeann@wassonthornhill.com